UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549,

Plaintiff,

vs.

LUIZ GONZAGA MURAT JÚNIOR,

Defendant.

C.A. No.

### COMPLAINT

Plaintiff Securities and Exchange Commission (the "Commission") alleges that:

### NATURE OF THE ACTION

1.      Luiz Gonzaga Murat Júnior engaged in insider trading in American Depositary Shares ("ADSs") of Perdigão S.A. ("Perdigão") on the basis of material, nonpublic information concerning a tender offer for Perdigão that Sadia S.A. ("Sadia") – the company at which he served as Chief Financial Officer and Director of Investor Relations – publicly announced on July 16, 2006 and subsequently revoked on July 21, 2006. In so doing, Murat misappropriated information in breach of the duty of trust and confidence he owed to Sadia.

2.      On April 7 and June 29, 2006, Murat purchased what amounted, after an intervening stock split, to a total of 45,900 ADSs of Perdigão with an average cost basis of $20.57 per ADS.

3.    On Sunday, July 16, 2006, Sadia announced the tender offer for Perdigão. On Monday, July 17, 2006, the price of ADSs of Perdigão increased on the news and closed at $24.50, up $4.25 (21%) from the closing price the previous Friday. On Tuesday, July 18, 2006, Perdigão rejected the offer. On Thursday, July 20, 2006, Sadia announced a second, revised offer for Perdigão. On Friday, July 21, 2006, Perdigão rejected the revised offer at 8:47 a.m., and Sadia revoked the offer at 1:25 p.m. Between 1:25 and 2:20 p.m. that afternoon,[1] ADSs of Perdigão dropped from $26.57 to $22.75, before rising to close at $24.98.

4.    At 1:50 p.m. on Friday, July 21, 2006, Murat called his broker to place an order to sell his entire position, which he then revised, ultimately resulting in the sale of just 15,300 ADSs of Perdigão in two blocks at 2:09 and 2:10 p.m.

5.    By trading on the basis of material, nonpublic information, Murat had imputed profits of $180,404.00 on his purchases of Perdigão ADSs.

6.    Murat knew, or was reckless in not knowing, that he traded in ADSs of Perdigão based on material, nonpublic information and in breach of a duty of trust and confidence he owed to Sadia.

7.    By engaging in such conduct, defendant violated Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78n(e)] and Exchange Act Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-3].

8.    Unless restrained and enjoined by this Court, defendant will continue to engage in transactions, acts and practices that violate these provisions of the federal

---

[1]    All times given in this Complaint are in Eastern Daylight Saving Time, which is one hour behind the corresponding time in São Paulo, Brazil.

securities laws. The Commission seeks permanent injunctions against future violations and other relief requested in this Complaint.

## JURISDICTION

9.      This Court has jurisdiction over this action pursuant to Sections 21(d)(1), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(1), (e), and 78aa].

10.      In connection with the transactions, acts, and practices described in this Complaint, defendant, directly or indirectly, used the means or instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange.

## DEFENDANT

11.      Luiz Gonzaga Murat Júnior, age 53, a resident of São Paulo, Brazil, was the Chief Financial Officer and Director of Investment Relations for Sadia S.A. from approximately 1994 through all dates relevant to this Complaint.

## OTHER RELEVANT ENTITIES

12.      Perdigão S.A. is a Brazilian corporation headquartered in São Paulo that produces processed foods, including meat products and frozen foods. ADSs representing shares of Perdigão are registered with the Commission under Exchange Act Section 12(b) and are listed on the New York Stock Exchange ("NYSE") under the ticker symbol "PDA."

13.      Sadia S.A. is a Brazilian corporation headquartered in São Paulo that produces refrigerated and frozen protein products, including processed poultry and pork. ADSs representing shares of Sadia are registered with the Commission under Exchange Act Section 12(b) and are listed on the NYSE under the ticker symbol "SDA."

## FACTS

14.     From approximately 1994 through September 27, 2006, Murat served as Chief Financial Officer and Director of Investor Relations at Sadia. In those capacities, he had responsibility for serving as the public face of Sadia in communications with the market, for the disclosure of material facts with the Brazilian Securities Commission (Comissão de Valores Mobiliários or "CVM"), for the preparation of filings with the Commission, and for oversight of Sadia's internal policy on insider trading.

15.     On April 7, 2006, representatives of an investment bank met with Murat and Sadia's Chief Executive Officer and told them that, in light of Perdigão's recent capital restructuring, the investment bank had concluded that Sadia was in a position to attempt a takeover of Perdigão.

16.     Later the same day, Murat purchased 5,100 ADSs of Perdigão at a cost of $354,363.00.

17.     On April 18, 2006, Sadia retained Brazilian counsel in connection with the possible tender offer.

18.     On April 20, 2006, ADSs of Perdigão underwent a three-to-one split, bringing Murat's holdings in Perdigão to 15,300 ADSs.

19.     Also on April 20, 2006, representatives of the same investment bank met with executives from Sadia once again to discuss the possible tender offer.

20.     On June 21, 2006, Sadia retained U.S. counsel in connection with the possible tender offer. On that same day, the investment bank's parent corporation authorized the investment bank to provide financing to Sadia in connection with the proposed tender offer.

4

21.    On June 29, 2006, Murat purchased an additional 30,600 ADSs of

Perdigão at a cost of $589,783.00. This purchase brought Murat's position in Perdigão to

a total of 45,900 ADSs with an average cost basis of $20.57 per ADS.

22.    On July 13, 2006, Sadia's board of directors approved the tender offer.

23.    On Sunday, July 16, 2006, Sadia announced the tender offer. At the time

of the announcement, Murat knew, on the basis of his positions at Sadia, that Sadia was

prepared to consider increasing the tender offer price if necessary.

24.    On Monday, July 17, 2006, ADSs of Perdigão opened at $23.12 and

closed at $24.50, up $4.25 (21%) from the closing price the previous Friday.

25.    On Tuesday, July 18, 2006, Perdigão rejected the tender offer.

26.    After the close of markets on Thursday, July 20, 2006, Sadia announced a

second, revised tender offer for Perdigão. Prior to the open of markets the next morning,

Perdigão rejected the revised tender offer.

27.    On the afternoon of Friday, July 21, 2006, Sadia made a filing with the

CVM at 1:25 p.m. and issued a press release at 1:31 p.m., both of which disclosed that

Sadia was revoking the tender offer. Between 1:25 and 2:20 p.m. that afternoon, ADSs

of Perdigão dropped in price from $26.57 to $22.75.

28.    Murat, aware that Sadia had done a filing with the CVM at 1:25 p.m. and

issued a press release at 1:31 p.m., observed the decline in the price of ADSs of Perdigão

from a terminal in his office at Sadia on the afternoon of Friday, July 21, 2006. At 1:50

p.m., when the price had declined to $24.60, and at which point he expected the price to

decline still further, Murat called his broker and instructed the representative who took

the call to sell his entire position in Perdigão. The representative put him on hold, told

5

Murat she needed to get off the phone, and then called him back. At that point, Murat revised his order to sell just 15,300 ADSs of Perdigão, representing the quantity he had purchased on April 7, 2006. The sale was executed in two blocks at 2:09 and 2:10 p.m. and yielded proceeds of $351,976.00.

29.     Murat had imputed profits of $180,404.00 on his purchases of Perdigão ADSs.

### FIRST CLAIM

#### *Insider Trading in Connection with Purchase or Sale of a Security*

**(Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5])**

30.     The Commission realleges and incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

31.     By engaging in the foregoing conduct, Murat violated Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### SECOND CLAIM

#### *Insider Trading in Connection with a Tender Offer*

**(Exchange Act Section 14(e) [15 U.S.C. § 78n(e)] and Exchange Act Rule 14e-3 thereunder [17 C.F.R. § 240.14e-3])**

32.     The Commission realleges and incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

33.     By engaging in the foregoing conduct, Murat violated Exchange Act Section 14(e) [15 U.S.C. § 78n(e)] and Exchange Act Rule 14e-3 thereunder [17 C.F.R. § 240.14e-3].

### RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court enter a judgment against Murat that:

1.     enjoins Murat from violating Sections 10(b) and 14(e) of the Exchange Act [15 U.S.C. §§ 78j(b), 78n(e)] and Exchange Act Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-3];

2.     prohibits Murat from acting as an officer or a director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)];

3.     orders Murat to disgorge all ill-gotten gains, with prejudgment interest;

4.     orders Murat to pay appropriate civil penalties under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; and

5.    grants such other and further relief as this Court may deem just and

proper.


Dated:  February 21, 2007                    Respectfully submitted,

_Nina B. Finston_

Scott W. Friestad
Robert B. Kaplan
Nina B. Finston, D.C. Bar No. 431825
Stephen G. Yoder

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-6041
(202) 551-4961 (Finston)
(202) 772-9346 (fax)

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Securities and Exchange Commission | Luiz Gonzaga Murat Júnior |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)   São Paulo, Brazil<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Nina B. Finston, Branch Chief<br>Securities and Exchange Commission<br>100 F Street, N.E., Mail Stop 6041A<br>Washington, DC 20549-6041<br>(202) 551-4961 | Juan M. Marcelino, Esq.<br>Greenberg Traurig LLP<br>One International Place, 20th Floor<br>Boston, MA 02210<br>(617) 310-6282 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ◉ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ◉ E. General Civil (Other) | OR | ○ F. Pro Se General Civil |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☒ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>　(criteria: race, gender/sex,<br>　national origin,<br>　discrimination, disability<br>　age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>　(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>　Student Loans<br>　(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>　Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>　Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>　Employment<br>☐ 446 Americans w/Disabilities-<br>　Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>　Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>　Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>　(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding　○ 2 Removed from State Court　○ 3 Remanded from Appellate Court　○ 4 Reinstated or Reopened　○ 5 Transferred from another district (specify)　○ 6 Multi district Litigation　○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

15 U.S.C. §§ 78u(d)(1), (e), and 78aa; enforcement action alleging violations of the federal securities laws

**VII. REQUESTED IN COMPLAINT**　☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23　DEMAND $ _____ Check YES only if demanded in complaint
JURY DEMAND:　YES ☐　NO ☐

**VIII. RELATED CASE(S) IF ANY**　(See instruction)　YES ☒　NO ☐　If yes, please complete related case form.

DATE　2/21/07　SIGNATURE OF ATTORNEY OF RECORD　*Nina B. Frie la*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.　COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.　CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.　CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.　CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.　RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

LUIZ GONZAGA MURAT JÚNIOR,

Defendant.

Civil Action No.

## FINAL JUDGMENT AS TO DEFENDANT
## LUIZ GONZAGA MURAT JÚNIOR

The Securities and Exchange Commission having filed a Complaint and Defendant Luiz

Gonzaga Murat Júnior having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

    (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been

2

acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i)    to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the

3

planning, financing, preparation or execution of the

activities of the issuer with respect to such tender offer; or

(iii)    to any person pursuant to a requirement of any statute or

rule or regulation promulgated thereunder.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years

following the date of entry of this Final Judgment, from acting as an officer or director of any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

U.S.C. § 78o(d)].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $180,404.00,  representing profits gained as a result of the conduct alleged

in the Complaint, together with prejudgment interest thereon in the amount of $3,624.12,  and a

civil penalty in the amount of $180,404.00 pursuant to pursuant to Exchange Act Section 21A

[15 U.S.C. § 78u-1].  Defendant shall satisfy this obligation by paying $364,432.12 within ten

(10) business days after entry of this Final Judgment by certified check, bank cashier's check, or

United States postal money order payable to the Securities and Exchange Commission.  The

payment shall be delivered or mailed to the Office of Financial Management, Securities and

Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3,

Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Luiz Gonzaga

4

Murat Júnior as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

LUIZ GONZAGA MURAT JÚNIOR,

Defendant.

Civil Action No.

## CONSENT OF DEFENDANT LUIZ GONZAGA MURAT JÚNIOR

1.     Defendant Luiz Gonzaga Murat Júnior ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violation of Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78n(e)] and Exchange Act Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-3];

(b)     bars him, for a period of five (5) years, from serving as an officer or director of a publicly-held corporation under Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(2)];

(c)     orders Defendant to pay disgorgement in the amount of $180,404.00, plus prejudgment interest thereon in the amount of $3,624.12; and

(d)     orders Defendant to pay a civil penalty in the amount of $180,404.00 under Exchange Act Section 21A [15 U.S.C. § 78u-1].

3.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

2

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

4

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: _31 jan 2007_                    _____
                                        Luiz Gonzaga Murat Júnior

    On _Jan. 31_____, 2007, _Luis Gonzaga Murat Junior~~a person known to me~~,
personally appeared before me and acknowledged executing the foregoing Consent.

```
LINDA L. GREEN
COMM. # 1514891
NOTARY PUBLIC-CALIFORNIA
SAN MATEO COUNTY
COMM. EXP. SEPT. 23, 2008
```
                                        _____
                                        Notary Public
                                        Commission expires: _9-23-2008_

Approved as to form:

_____
Juan M. Marcelino, Esq.
Greenberg Traurig LLP
One International Place
20th Floor
Boston, MA 02210
(617) 310-6282
Attorney for Defendant

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

LUIZ GONZAGA MURAT JÚNIOR,

Defendant.

Civil Action No.

# FINAL JUDGMENT AS TO DEFENDANT
# LUIZ GONZAGA MURAT JÚNIOR

The Securities and Exchange Commission having filed a Complaint and Defendant Luiz

Gonzaga Murat Júnior having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange

Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in

connection with any tender offer or request or invitation for tenders, from engaging in any

fraudulent, deceptive, or manipulative act or practice, by:

    (a)    purchasing or selling or causing to be purchased or sold the securities

sought or to be sought in such tender offer, securities convertible into or

exchangeable for any such securities or any option or right to obtain or

dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been

2

acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)      communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i)      to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)      to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the

3

planning, financing, preparation or execution of the

activities of the issuer with respect to such tender offer; or

(iii)    to any person pursuant to a requirement of any statute or

rule or regulation promulgated thereunder.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years

following the date of entry of this Final Judgment, from acting as an officer or director of any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

U.S.C. § 78o(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $180,404.00, representing profits gained as a result of the conduct alleged

in the Complaint, together with prejudgment interest thereon in the amount of $3,624.12, and a

civil penalty in the amount of $180,404.00 pursuant to pursuant to Exchange Act Section 21A

[15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $364,432.12 within ten

(10) business days after entry of this Final Judgment by certified check, bank cashier's check, or

United States postal money order payable to the Securities and Exchange Commission. The

payment shall be delivered or mailed to the Office of Financial Management, Securities and

Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3,

Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Luiz Gonzaga

4

Murat Júnior as a defendant in this action; setting forth the title and civil action number of this

action and the name of this Court; and specifying that payment is made pursuant to this Final

Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to

the Commission's counsel in this action. Defendant shall pay post-judgment interest on any

delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid

pursuant to this paragraph to the United States Treasury.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: _____, _____


_____
UNITED STATES DISTRICT JUDGE

5